UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET DECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0638-CVE-FHM |
| ) | |
| STONEBRIDGE LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Order of Voluntary Dismissal, and Plaintiff's Brief in Support (Dkt. # 41). Plaintiff Janet Decker filed a petition in state court alleging that she was the sole beneficiary of Donald Standeford's life insurance policy and that Stonebridge Life Insurance Company (Stonebridge) refused to pay her those benefits. Dkt. # 2-2. She brings claims for tortious breach of contract and bad faith processing, negotiation and denial of the insurance claim. Id. Stonebridge removed the case to this Court. Dkt. # 2.

### I.

On May 3, 2010, Decker filed Plaintiff's Motion for Order of Voluntary Dismissal and Plaintiff's Brief in Support (Dkt. # 41) seeking to voluntarily dismiss her petition without prejudice. She states "it has become apparent during discovery that the subject insurance policy has two beneficiaries, rather than one beneficiary, as previously believed by [Decker] and as plead in this

Court."[1]  Dkt. # 41, at 1.  In the affidavit Decker submitted with her demand for the policy benefits, dated March 26, 2009, Decker represented that she was Standeford's sole heir and only stepdaughter.  Dkt. # 42-2, at 1.  In the affidavit Decker submitted in connection with her response to Stonebridge's motion for summary judgment, dated April 14, 2010, Decker represented "I am the only child of the late Donald Standeford."  Dkt. # 31-2, at 1.  However, at her deposition on April 22, 2010, Decker testified that she has a brother, who is also Standeford's stepchild but not a party in this case.  Dkt. # 42-4, at 3, 4, 10.  Decker maintains that this was an innocent mistake, as her stepbrother had become estranged from Standeford during the last few years of Standeford's life.  Dkt. # 43, at 6-7.  Additionally, Stonebridge maintains that Decker misrepresented that she resides in Oregon when, in fact, she also has a residence in Oklahoma.[2]  Dkt. # 42, at 2.

Stonebridge does not object to voluntary dismissal, subject to the following conditions:

(i) should [Decker] refile this case, [Decker] shall be required to pay the costs Stonebridge incurred in this case pursuant to Rule 41(f), Fed.R.Civ.P.; [sic]

(ii) should [Decker] refile this case, then the second case must be assigned to Judge Claire Eagan, the trial judge to whom this case is currently assigned; and

---

[1] In her motion, Decker failed to include a statement of objection.  Decker's counsel is advised that motions for voluntary dismissal should include a statement of whether the defendant consents to dismissal.

[2] The parties had difficulty scheduling Stonebridge's deposition of Decker in part because of complications associated with Decker traveling from Oregon to Oklahoma.  See Dkt. # 42, at 3-4.  Decker's deposition was rescheduled multiple times.  Stonebridge maintains that, because she had a residence in Oklahoma, Decker could have presented herself for deposition earlier than she did and, thus, saved Stonebridge effort and avoided delay.  Id. at 4.  Decker's residence in either Oregon or Oklahoma does not affect this Court's subject matter jurisdiction because Stonebridge is a resident of neither state.  See Dkt. # 2, at 2 (stating that Stonebridge is organized under the laws of Vermont and has its principal place of business in Iowa).

> (iii) should [Decker] refile this case and if the second case is decided in such a manner that Stonebridge would be considered the "prevailing party" entitled to fees and costs under Oklahoma law, then the attorneys' fees incurred by Stonebridge in the current case would be considered as having been incurred in the second case for purposes of any future award of attorneys' fees.

Dkt. # 42, at 1.

## II.

After a defendant has served an answer or motion for summary judgment, a plaintiff may voluntarily dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This is not a case of a long-lost family member suddenly coming out of the woodwork. The Court finds it highly implausible that Decker forgot that her brother existed. Stonebridge has expended unnecessary time and effort because Decker failed to reveal that the insurance policy may have a second beneficiary. For good cause shown, and based on the defendant's consent to a conditional dismissal, the Court finds that voluntary dismissal is appropriate. In light of the significant time and expense incurred in this action and the fact that Decker seeks to dismiss this action because of the revelation of evidence of which she had knowledge, the Court further finds that a conditional dismissal is appropriate. The Court will consider each of Stonebridge's proposed conditions.

Stonebridge's first request is that, "should [Decker] refile this case, [Decker] shall be required to pay the costs Stonebridge incurred in this case pursuant to Rule 41(f), Fed.R.Civ.P. [sic] . . . ." Dkt. # 42. There is no Rule 41(f). Fed. R. Civ. P. 41(d) states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

As a matter of law, any second case proceeding in federal court would be subject to Rule 41(d). However, the rule does not <u>require</u> payment of the costs of the previous action; the award of costs is discretionary. The Court will not speculate at this time as to whether such payment would be appropriate in a hypothetical second case.

Stonebridge's second request is that, "should plaintiff refile this case, then the second case must be assigned to Judge Claire Eagan, the trial judge to whom this case is currently assigned . . . ." This condition is not appropriate. If, for example, Decker were to a second case in state court and Stonebridge did not seek removal to this Court, such a condition would be nonsensical. If a second case is filed in this Court, random assignment will occur, subject to a determination of "related case" transfer at that time.

Stonebridge's third request is that, should Decker file another claim for the policy benefits and it be decided in such a manner that Stonebridge would be a prevailing party under Oklahoma law, the fees and costs incurred in the instant matter be treated as having been incurred in the second matter for purposes of a costs and attorney fees award. Dkt. # 42, at 1. This request is reasonable and appropriate. If the instant case were to be concluded in such a manner that Stonebridge would be considered a prevailing party, it could seek any attorney fees to which it would be entitled. Decker may not escape potential liability for costs and fees incurred to date by voluntarily dismissing and refiling her case. The costs and fees incurred in the instant matter would necessarily be related to a second claim on the same policy.

Decker has requested an opportunity to accept the Court's terms of dismissal or withdraw her motion to dismiss. Dkt. # 43, at 15.

**IT IS THEREFORE ORDERED** that, **no later than Friday, May 21, 2010 at 5:00 p.m.**, Decker shall file a pleading stating whether she wishes to voluntarily dismiss this case subject to the following condition:

> Should Decker be a party in another action seeking payment of the proceeds of Standeford's life insurance policy and such action is decided in a manner that Stonebridge would be a prevailing party under Oklahoma law, the fees and costs incurred in the instant matter shall be treated as having been incurred in the subsequent action for the purposes of a costs and attorney fees award.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Voluntary Dismissal, and Plaintiff's Brief in Support (Dkt. # 41) **remains under advisement**.

**DATED** this 20th day of May, 2010.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT